NO. 07-05-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2005

_____

MARY L. THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4187; HONORABLE STEVEN EMMERT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Mary L. Thomas, appeals from her conviction for securing execution of a document by deception $20,000 or more but less than $100,000. Sentence was imposed on March 8, 2005. The reporter's record was filed on July 12, 2005 and the clerk's record was filed on July 13, 2005. We will dismiss the appeal for want of jurisdiction.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed. Rule 26.3 allows for an extension of time if the appellant files a notice of appeal with the trial court within 15 days after the deadline for filing the notice of appeal and files a motion for extension with the appellate court.

Here, the record reflects that the court imposed sentence on appellant on March 8, 2005. A motion for new trial was timely filed on April 4, 2005, making appellant's notice of appeal due June 6, 2005. The notice of appeal was filed June 7, 2005. A motion for extension of time was filed with this court on June 22, 2005, more than 15 days after the due date for the notice of appeal. Tex. R. App. P. 26.3. Appellant's failure to file a timely notice of appeal or to meet the requirements for an extension under Rule 26.3 prevents this court from having jurisdiction over his appeal. Slaton, 981 S.W.2d at 210.

Consequently, the appeal is dismissed for want of jurisdiction.


                                    Mackey K. Hancock
                                         Justice

Do not publish.